UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 05-08-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| REX MUSIC and WALTER CURTIS, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is pending for consideration of the Report and Recommendation of United States Magistrate Judge J. B. Johnson, Jr., filed June 20, 2005. Neither Defendant has filed objections to this report. Accordingly, any objections are deemed waived. In addition, the Court has reviewed the report and the underlying motions to suppress. Having conducted this review, the Report and Recommendation will be adopted and the motions to suppress will be denied.

The defendants motions relate to a traffic stop and search of Defendant Rex Music's vehicle on May 11, 2004. Following indictment, Defendant Music moved the Court to suppress the evidence seized following the search of his vehicle. [Record No. 32] Subsequently, co-Defendant Walter Curtis joined in Music's motion. [Record No. 36] A hearing was held on the Defendants' motions on June 16, 2005. Thereafter, on June 20th, the Magistrate Judge issued his Report and Recommendation.

After reviewing the facts relating to the search, Magistrate Judge Johnson concluded that the arresting officers had probable cause to stop Music's van because its rear license plate was

not illuminated in violation of state law. K.R.S. 186.170. The magistrate judge also concluded that the defendants were not detained beyond the purpose of the stop and that no Fourth Amendment violation occurred under the holding of *United States v. Burton*, 334 F.3d 514, 515-16 (6th Cir. 2003). Further, the officers' actions were proper because they had reasonable suspicion of ongoing criminal activity. *United States v. Hill*, 195 F.3d 258, 264 (6th Cir. 1999).

In addition to the foregoing reasons, Magistrate Judge Johnson also determined that the arresting officers had probable cause to search the vehicle as a result of the ongoing investigation of drug trafficking activity involving the defendants. This probable cause extended not only to the vehicle, but to containers within the vehicle. *Wyoming v. Houghton*, 526 U.S. 295, 301 (1999). Finally, the Magistrate Judge was correct in his assessment that Defendant Music voluntarily consented to the warrantless search of his van. [*See* Record No. 40, pp. 5-6.] Under the facts presented, it is reasonable to conclude that the consent given extended to a search of the containers in which marijuana was found.

The Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Rex Music's motion to suppress [Record NO. 32] is **DENIED**;

2. Defendant Walter Curtis' motion to suppress [Record No. 36] is **DENIED**;

3. The Report and Recommendation of the United States Magistrate Judge [Record No. 40] is **ADOPTED** and **INCORPORATED** herein by reference.

This 6th day of July, 2005.



**Signed By:**
*Danny C. Reeves* DCR
**United States District Judge**